**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
**STEPHANIE A. GALLAGHER**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 24, 2012

LETTER TO ALL COUNSEL

Re:  James R. Rogers, Jr. v. Michael J. Astrue, Commissioner of Social Security, Civil
     No. SAG-10-cv-2725

Dear Counsel:

This matter is before me by the parties' consent. (ECF Nos. 10, 12.) On October 1, 2010, claimant James R. Rogers, Jr. ("Mr. Rogers" or "Claimant") petitioned this Court to review the Social Security Administration's denial of his claim for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") (ECF No. 1). I have considered the parties' cross-motions for summary judgment (ECF Nos. 18 and 21), Mr. Rogers's response to Defendant's motion for summary judgment (ECF No. 22), and Mr. Rogers's motion for judgment (ECF No. 23). I find that no hearing is necessary. Local R. 105.6 (D.Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards.  42 U.S.C. §§ 405(g), 1383(c)(3).  *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will deny Mr. Rogers's motion and grant the Commissioner's motion. This letter explains my rationale.

The Appeals Council denied Mr. Rogers's request for review (Tr. 1-6), so the October 30, 2009 decision of Administrative Law Judge William K. Underwood ("the ALJ") is the final, reviewable decision of the agency. Mr. Rogers's application was based upon his claim of disability due to back problems and hepatitis C. (Tr. 158). Mr. Rogers filed his applications for

SSI and DIB on November 21, 2007, and alleged that he became disabled on March 30, 2007. (Tr. 125, 132).  Mr. Rogers now claims disability based on back problems, hepatitis C, blurred vision in his right eye, and pain medication side effects.

Mr. Rogers argues that the ALJ erred at several steps of the five-step sequential evaluation process for determining whether a claimant is disabled. First, Mr. Rogers asserts that the ALJ erred at step two by failing to consider whether his visual acuity problems and the side effects of his pain medication constitute severe impairments. Pl. Mot. for Summ. J. 3-4. Mr. Rogers further contends that the ALJ's errors at step two infect the later steps of the evaluation process. Pl. Mot. 4-6.

Despite Mr. Rogers's arguments to the contrary, the ALJ properly evaluated his impairments at step two. While Mr. Rogers asserted at his hearing that his right eye vision is constantly blurred, he did not assert that his overall vision was impaired. Mr. Rogers also testified that his right eye vision has been blurred since 1996, eleven years before he alleged disability. (Tr. 35, 37). During the 1996-2007 timeframe, Mr. Rogers worked for a number of years at the level of substantial gainful activity. (Tr. 140). There is no indication that vision problems hampered his ability to work during that time. Furthermore, there is no evidence that Mr. Rogers has ever sought treatment for his blurred vision, even when seeking treatment for other medical issues. Mr. Rogers relies solely on his hearing testimony to support his contention that his visual acuity problem is severe. Pl. Mot. 3-6. However, the ALJ found that Mr. Rogers's statements regarding the intensity of his symptoms to be only partially credible.[1] (Tr. 59.) Mr. Rogers has not contested the ALJ's credibility finding, which itself appears to be based on

---

[1] Among other things, the ALJ based his credibility finding on inconsistencies between the medical records in evidence and Mr. Rogers's statements to the Social Security Administration. For example, while Mr. Rogers asserted that treating physicians suggested he undergo additional back surgery in 2009, (Tr. 32, 218), medical records from that time indicate that no surgical intervention was warranted. (Tr. 378, 384).

substantial evidence. For these reasons, substantial evidence supports the ALJ's finding that Mr. Rogers's blurred vision does not constitute a severe impairment.

Mr. Rogers's arguments regarding the side effects of his pain medication fail for similar reasons. He supports his claim solely with his hearing testimony that pain medication leaves him tired and "in a constant fog." (Tr. 35). However, as noted above, the ALJ found Mr. Rogers's testimony to be only partially credible, and Mr. Rogers has not disputed that credibility finding. No evidence in the record suggests that Mr. Rogers's ability to work was impeded by pain medication side effects. None of his medical records suggest that he ever asked his doctors to adjust his pain medication because of the side effects from which he allegedly suffers. In fact, health care professionals treating Mr. Rogers have routinely found him to be alert, well-oriented, and/or appropriately behaved during medical examinations, even during times when he was regularly using pain medication. (Tr. 270, 316, 349, 352, 377, 388, 440, 536, 554-55). Finally, the ALJ, after observing Mr. Rogers at the hearing, found that he is only mildly limited in his activities of daily living, social functioning, and concentration, persistence and pace. (Tr. 58). These mild limitations are inconsistent with a finding that Mr. Rogers is severely impaired as a result of the side effects of his pain medication. Substantial evidence exists to support a finding that the side effects of Mr. Rogers's pain medications do not constitute a severe impairment.

Mr. Rogers's other arguments are similarly unpersuasive. Although he contends that visual acuity problems would prevent him from engaging in the occupations suggested by the vocational expert, the ALJ specifically found "no limitations" imposed by Mr. Rogers's visual acuity. (Tr. 57). Substantial evidence supports the ALJ's finding because Mr. Rogers worked for a number of years while suffering from his alleged blurred vision. Mr. Rogers also contends that the ALJ improperly determined his residual functional capacity ("RFC"). Mr. Rogers asserts that

he suffers greater limiting effects from his symptoms, would require more frequent breaks, and would miss more work than the ALJ contemplated in the assigned RFC. The stricter limitations that Mr. Rogers suggests would be appropriate, however, come only from his own testimony at the hearing. As noted above, the ALJ deemed this testimony only partially credible. [2] (Tr. 59).

For the reasons set forth herein, Mr. Rogers's motion for summary judgment (Paper No. 18) will be DENIED and Defendant's motion for summary judgment (Paper No. 21) will be GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing Order follows.

Sincerely yours,


/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

[2] In his response to the Commissioner's motion, Mr. Rogers also argues that the ALJ erred by giving little weight to the opinions of Claimant's treating physicians. However, Mr. Rogers fails to name any treating physician who has opined that he is disabled. An inspection of the record did not reveal any medical opinion – from a treating physician or otherwise – that Mr. Rogers is disabled.